(174 App. Div. 195)

SECURITY BANK OF NEW YORK v. GEOGHEGAN et al.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

FRAUDULENT CONVEYANCES ☞95(2)—WHAT CREDITORS MAY OBJECT.

Where a debtor transferred property to his wife, and upon threat of bankruptcy proceedings the wife gave her note as collateral security for the debt, and it did not appear that her note was accepted in payment of his, or that his note was surrendered, or indebtedness canceled, and the husband died, and judgment was secured on her note, and the wife, in pursuance of previous agreement with her deceased husband, transferred the property, for the purpose of paying creditors of her husband, to trustees, such transfer was not void as to her judgment creditor, although, because the property transferred was not sufficient to pay all the husband's unsecured creditors, his debt would be prorated with other creditors, since the transfer was only the performance of an obligation by the wife, which would have been, in any event, enforceable in equity.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 248-251, 255-259, 261-267; Dec. Dig. ☞95(2).]

Appeal from Trial Term, New York County.

Suit by the Security Bank of New York against Agnes C. Geoghegan and others. From a judgment for plaintiff, defendants appeal. Reversed, with directions.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

F. S. Marsell, of New York City, for appellants Geoghegan and Conners.

Howard C. Taylor, of New York City, for appellant Tietjen.

Herman B. Goodstein, of New York City, for respondent.

DOWLING, J. Patrick A. Geoghegan on April 10, 1913, executed and delivered to plaintiff his promissory note in writing, whereby he promised to pay plaintiff in one month from said date, at its Gansevoort Branch in the city of New York, the sum of $900. When the note became due, it was protested for nonpayment. On May 6, 1913, and before the maturity of the note, Geoghegan transferred to his wife, the defendant Agnes C. Geoghegan, all his real property, including, with others, No. 464 Eighth avenue and a plot on West Thirty-Sixth street, near Ninth avenue, in the borough of Manhattan, city of New York, for an expressed consideration of $1 and other good and valuable considerations. The deeds were recorded May 10, 1913. At the time of making these transfers Geoghegan was sick and unable to attend to his affairs, and was insolvent. Plaintiff threatened to commence bankruptcy proceedings against Geoghegan, and thereupon

───────────

his wife, for the purpose of inducing plaintiff to withhold such proceedings against her husband in connection with the said transfers, executed and delivered to plaintiff her promissory note, dated June 3, 1913, whereby she promised to pay plaintiff the sum of $679.07 (being the amount then due plaintiff from her husband) on August 5, 1913.

Plaintiff claims (but has not proved) that "plaintiff accepted the said note, relying upon the defendant's ownership of said real estate property." There is no finding that plaintiff accepted Mrs. Geoghegan's note in payment of her husband's note, or that the latter note ever was surrendered, or that the husband's indebtedness was canceled. The facts seem to be otherwise, for, while plaintiff's witness on the subject was very vague as to what transpired when the wife's note was taken, the plaintiff's counsel stated in open court that:

"The note was not surrendered, but in connection with that I wish to state that the arrangement with Mr. Neuberger was that Mrs. Geoghegan, the defendant, was to give her note as collateral security to the note of Mr. Geohegan, and she was sued upon that theory, and we recovered judgment."

On August 5, 1913, Mrs. Geoghegan paid on account of her note the sum of $100, and delivered to plaintiff her renewal note for $579.07, payable December 5, 1913, which when it fell due was not paid, whereupon plaintiff instituted an action against her, in which it recovered judgment for $667.90, on which an execution was issued and returned unsatisfied, and no part thereof has since been paid. Meantime Patrick A. Geoghegan had died on June 24, 1913, leaving a widow and four infant children. On August 14, 1914, Mrs. Geoghegan conveyed to the defendants Conners and Tietjen the real estate which had been previously conveyed to her by her husband, including the two parcels in the borough of Manhattan, and Conners and Tietjen entered into an agreement with her which recited that the deeds were executed and delivered to protect and secure the creditors of Patrick A. Geoghegan, deceased, and the grantees agreed to hold title to the premises for the purpose of paying all said creditors (except those holding mortgages or other security) with the proceeds of the sale thereof, which they agreed to effect forthwith. Certain conditions as to the sale were then set forth at length, and in the event of a sale they were to apply the proceeds (less the brokerage and other expenses of sale) "for the payment of any and all just claims of creditors of the late Patrick A. Geoghegan, and after the payment of all claims pay over to Agnes C. Geoghegan, the party of the first part hereto, the widow of said Patrick A. Geoghegan, deceased, any sum of money or balance remaining in their hands." A portion of the property transferred to Conners and Tietjen, being the Thirty-Sixth street property, has been sold by them, and there is now in the hands of said defendants, as trustees for the benefit of the creditors of Patrick A. Geoghegan, deceased, the sum of $18,685.35, in cash and securities, which is not sufficient to pay the unsecured creditors in full. The balance of the property deeded to the trustees has been lost by the foreclosure of mortgages thereon.

Plaintiff brought this action to have the transfer from Mrs. Geoghe-

gan set aside as fraudulent and void as to this plaintiff, and has obtained a judgment to that effect on the ground that it was made with intent to hinder, delay, and defraud the plaintiff as a creditor of Mrs. Geoghegan. This conclusion was reached by the trial court only after striking out all the evidence given on defendant's behalf to show the consideration for Mrs. Geoghegan's transfer to the trustees and the consideration for her husband's transfer to her, which in each was the same, viz., to apply the property to the payment of her husband's unsecured creditors. As plaintiff is still a creditor of Patrick A. Geoghegan's estate, never having given up his note or released him from liability thereunder, what it really seeks is by attacking the transfer from Mrs. Geoghegan, who gave her note as collateral security for her husband's debt, to secure payment in full of its debt, instead of sharing ratably with the rest of Geoghegan's creditors. This position is not one which commends itself to a court of equity, for it is seeking to work injustice to the rest of Geoghegan's creditors, to its own advantage.

We think that the striking out of the evidence of Mrs. Geoghegan and David M. Neuberger as to the transactions with Geoghegan by which the property was originally conveyed by him to his wife was erroneous, as well as the striking out of the testimony as to the real consideration for the transfer by her of the same property to the trustees to pay from its proceeds the debts of all her husband's unsecured creditors. It was not sought by this evidence to qualify or destroy the title which Mrs. Geoghegan took under the deeds she received from her husband. On the contrary, it must be assumed that her title was good, since she undertook to reconvey the property, and all three defendants are adopting and claiming under it. But, being the record owner of the property, she has made a conveyance of it for the benefit of her husband's creditors, and it is her right to prove that her conveyance was made in the discharge of an obligation she undertook when title passed to her, as the only consideration therefor, and that her transfer to the trustees was the performance of a moral duty, at least. If she had taken title to the premises in question under the circumstances disclosed by the record, she would have been legally and morally obligated to hold or dispose of it for the benefit of her husband's creditors, and equity would have enforced her agreement with her husband so to do. Gallagher v. Gallagher, 135 App. Div. 457, 120 N. Y. Supp. 18, affirmed 202 N. Y. 572, 96 N. E. 1115.

It cannot be that her fulfillment of this obligation by the transfer of the property to trustees to carry out this purpose and apply it to the benefit of the creditors can constitute any fraud upon them, or even upon one of them, who has been cautious enough to obtain collateral security from her for her husband's debt. The evidence was admissible to prove the actual consideration moving her to the transfer to the trustees, and to negative any inference of fraud by showing it was made honestly, in good faith, and in discharge of her duty. Nor is there a word of evidence to show that plaintiff's reliance upon the record title to this property in Mrs. Geoghegan's name in any way influenced its action or did it any damage, or that she gave her note

to induce plaintiff to withhold legal proceedings, and it accepted the same relying on her ownership of the property. The plaintiff's threat was to commence bankruptcy proceedings, in which event it would have shared equally with the other creditors, which it is now unwilling to do.

The judgment, therefore, will be reversed, with costs to appellants to abide the event. If plaintiff desires to introduce additional evidence as to its reliance on Mrs. Geoghegan's ownership of the property, as to any representations made to it by her, or as to the transaction by which she gave her note as collateral security for her husband's note by which it can be shown that the latter became extinguished or surrendered, a new trial will be ordered. If· plaintiff has no further evidence on these points, judgment will be entered in favor of defendants, dismissing the complaint, with costs.

The following findings of fact are reversed, as not warranted by the evidence: Eighth and nineteenth—as well as all the conclusions of law. If plaintiff does not desire a new trial for the purposes hereinbefore indicated, the following findings of fact proposed by the defendants will be found: 12 and 14—and their proposed conclusions of law I, II, III, and IV. The testimony stricken out by the trial court is to remain in the record as received in evidence. All concur.